IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**
EASTERN DISTRICT OF OKLAHOMA

MAR 14 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

PATRICK M. ORTIZ, )
)
Plaintiff, )
)
v. ) Case No. CIV-11-036-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

### REPORT AND RECOMMENDATION

Plaintiff Patrick M. Ortiz (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 14, 1969 and was 40 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a surveyor helper, fork lift operator, warehouse worker, sales representative, oil field service worker, and field artillery member. Claimant alleges

3

an inability to work beginning February 17, 2007. Claimant contends he can no longer work due to limitations resulting from degenerative disc disease and post-traumatic stress disorder ("PTSD").

**Procedural History**

On May 25, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by video before ALJ Deborah Rose on November 12, 2009. On January 21, 2010, the ALJ issued an unfavorable decision on Claimant's application. On December 9, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Revi98ew**

Claimant asserts the ALJ committed error in: (1) reaching her RFC determination; (2) improperly discounting the Veterans Administration's disability findings; (3) discounting Claimant's credibility; and (4) failing to consider the side effects of Claimant's medications.

## RFC Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairment of degenerative disc disease of the lumbar spine and PTSD. (Tr. 13). She concluded that Claimant retained the RFC to perform sedentary work. In doing so, she found Claimant could lift/carry 10 pounds, stand/walk for 2 hours and sit for 6 hours in an 8 hour workday, and is limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Mentally, the ALJ found Claimant was limited to only occasional interaction with the public and limited to simple and some complex tasks. (Tr. 15).

On October 23, 2003, Claimant underwent a minimally invasive tubular retraction microdiskectomy at L5-S1 due to a herniated nucleus. (Tr. 208). Claimant was released to light duty with the restrictions of no excessive standing, sitting, stooping, bending, squatting, or lifting in excess of 20 pounds in January of 2004. (Tr. 215).

On May 11, 2007, Claimant was fitted for an L-S corset. He complained of low back pain and some radiation to above the knee. (Tr. 244-46).

On October 31, 2007, Claimant was evaluated by Dr. Mohammed Quadeer. He noted mild limited movements of flexion and some decreased movements of extension of the lower spine. All movements were associated with pain except bending to the right side. Straight leg raising was positive in sitting of 80 degrees and supine position 45 degrees on both sides. (Tr. 282). Dr. Quadeer diagnosed Claimant with chronic low back pain status post disc removal at L4-L5 by history and radiation of the pain to both lower limbs. He noted Claimant probably had back pain with radiculitis. Dr. Quadeer also found Claimant suffered from hypertension which was not controlled and hemorrhoids. (Tr. 283).

On December 7, 2007, Dr. Thurma Fiegel completed a Physical Residual Functional Capacity Assessment form on Claimant. Dr. Fiegel found Claimant could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk about 6 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday with unlimited pushing and pulling. (Tr. 303). Claimant was also limited to only occasional stooping. (Tr. 304).

On April 13, 2009, Claimant underwent an MRI of the lumbar

spine. The impression from the test indicated Claimant had a broad based central disc herniation at L4-L5 measuring about 5 mm in height and 1.3 cm in transverse diameter. A focal central disc herniation was noted at L5-S1 measuring about 7 mm x 7 mm. (Tr. 1079).

Claimant testified he almost never sits. (Tr. 40). When he does sit, it is for less than one hour. The remainder of his time is spent lying on the couch or standing. Id.

Claimant was also evaluated for PTSD at the VA. On September 3, 2007, Claimant complained of nightmares from his military service in the Baltics. He stated he was ready to see someone about his PTSD. (Tr. 238).

On May 29, 2008, Claimant received a psychiatric evaluation with the VA. His wife complained about his aggressive behavior. He reported that he is haunted by memories of his involvement during deployment in Kosivo. He states he is haunted by running over a child who was jeopardizing the mission. (Tr. 335). Claimant was diagnosed with chronic PTSD with a GAF of 45. (Tr. 337). Claimant continued to seek help for his PTSD through the VA. (Tr. 644-45, 893, 989). In March and April of 2009, Claimant was admitted at the VA after continuing to experience rage and depression. Claimant was diagnosed with PTSD, Depression, NOS,

7

Marijuana Abuse, in recent remission with a GAF at admission of 40-45 and at discharge of 55. (Tr. 718).

The ALJ found Claimant's physician at the VA noted he could be retrained for sedentary work. (Tr. 18). The physician, Dr. Vincent Runnels, also stated in November of 2008 that Claimant could bend over and touch his toes with normal extension, no nerve root tension signs, and no straight leg raising. (Tr. 560). The ALJ also correctly notes that no physician had placed the limitations he had placed on himself such as restricted sitting. (Tr. 18). The ALJ found Claimant's testimony on limitations were not fully credible. (Tr. 17).

This Court agrees with the ALJ that no competent medical evidence exists in the record which limits Claimant in the manner and to the extent that Claimant suggests. He performs a number of tasks around the house which would suggest that he is not restricted as he has testified. No error can be attributed to the ALJ's RFC assessment in this regard.

Claimant's mental state was also discussed adequately by the ALJ. The ALJ referenced that fact that Claimant's PTSD had not received a disability rating by the VA. (Tr. 18). This is not particularly persuasive to this Court. As the ALJ points out, however, the VA progress notes from May of 2008 indicate that

Claimant is "not sad or unhappy" about 75% of the time. Id. Again, no other medical record indicates Claimant's PTSD restricts his ability to work. Accordingly, this Court finds no error in the ALJ's RFC assessment of Claimant's mental status.

Claimant also finds error in the ALJ's failure to discuss his varying GAF. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. See, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. This Court finds the failure to discuss Claimant's GAF alone is not sufficient for reversal and remand.

9

## VA Disability Rating

Claimant also contends it was error for the ALJ to discount Claimant's VA rating. Claimant was found to be 60% service related disabled by the Veteran's Administration. (Tr. 171). Claimant contends the ALJ must explain the reason for rejecting another agencies disability rating. "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The ALJ discussed the fact the VA's rating was not binding but also stated it was considered but then cited to the medical record before him as the basis for rejecting the VA's rating. (Tr. 11-12). No error may be attributed to the manner in which the ALJ addressed the VA's rating.

## Credibility Evaluation

Claimant asserts the ALJ improperly found him to be not credible. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v.

Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Considering that the medical record does not support the level of restriction and impairment asserted by Claimant in his testimony, this Court finds no error in the ALJ's credibility assessment.

### Side Effects of Medication

Claimant states that he does not drive as a result of side effects of his medication. He also stated that two of his medications affect his ability to concentrate and that he experienced confusion and memory loss. (Tr. 34). The ALJ did discuss Claimant's moderate difficulty maintaining concentration, persistence, or pace and incorporated this limitation in his RFC evaluation by restricting Claimant to simple and some complex tasks. (Tr. 14-16). This Court finds no error in the ALJ's treatment of this issue.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE